THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT DYAS, #Y26284, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:22-cv-02200-GCS |
| | ) | |
| DR. MEYERS and | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Plaintiff Robert Dyas, an inmate in the custody of the Illinois Department of Corrections who is currently incarcerated at Centralia Correctional Center ("Centralia"), brings this action pursuant to 42 U.S.C. § 1983. (Doc. 1). In the Complaint, Plaintiff claims that the defendants delayed diagnosis and treatment of his left knee injury, refused to issue a new CPAP machine and filter following a recall, and ignored his complaints about a stomach lump. He asserts Eighth Amendment claims for money damages against Dr. Meyers, in his individual capacity, and Wexford, in its official capacity. *Id*. at p. 6-8.

The Complaint is subject to review under 28 U.S.C. § 1915A.[1] Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune

---

[1]      The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a magistrate judge and Wexford's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between Wexford and this Court.

defendant must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

The Complaint sets forth the following allegations (Doc. 1, p. 6-8): Plaintiff was denied adequate medical care at Centralia Correctional Center. For more than eight months, he complained of left knee pain that prevented him from sleeping or walking without a limp. Dr. Meyers met with him on three occasions to discuss his knee. Instead of ordering an x-ray to determine the cause of his knee pain, the doctor ordered ibuprofen, which did not control his pain.

On December 23, 2021, Plaintiff submitted a sick call slip to request treatment of knee pain that spanned six months. He then filed an emergency grievance to request treatment a week later. The warden approved the emergency request, in part, on January 5, 2022. Plaintiff's knee was finally x-rayed on February 24, 2022, eight months after he first complained of knee pain. Surgery was recommended following an MRI on April 18, 2022. As of September 2022, Plaintiff was still waiting for surgery. *Id*.

During his appointments with Dr. Meyer, Plaintiff also requested replacement of his Philips CPAP machine or new filters for the existing machine. His request stemmed from a nationwide recall of Philips CPAP machines in June 2021, after the machine was linked to cancer, lung problems, and other health issues. Plaintiff was not given a replacement or any filters. *Id*.

In addition, Plaintiff reported a lump in his stomach. He requested treatment for it. Plaintiff received none. *Id.*

Plaintiff blames the inadequate medical care on Wexford's policy of understaffing prisons with part-time physicians. He maintains that the lack of an on-site, full-time physician caused the delay in treatment of his knee injury and delayed access to a new CPAP machine and filter. *Id.*

Based on the allegations, the Court finds it convenient to designate the following enumerated counts in the *pro se* Complaint:

**Count 1:** Eighth Amendment claim against Dr. Meyers for denying or delaying Plaintiff's diagnosis and treatment of a left knee injury at Centralia for over a year from 2021-22.

**Count 2:** Eighth Amendment claim against Dr. Meyers for ignoring Plaintiff's request for diagnosis and treatment of a stomach lump at Centralia.

**Count 3**: Eighth Amendment claim against Dr. Meyers for denying or disregarding Plaintiff's request for a replacement CPAP machine and/or filters.

**Count 4**: Eighth Amendment claim against Wexford for its policy, custom, or practice of understaffing Centralia, by offering the services of a prison physician on a part-time basis only.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.[2]**

---

[2]     *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## DISCUSSION

An Eighth Amendment medical claim contains an objective and a subjective component. *See Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). To satisfy the objective component, a prisoner-plaintiff must demonstrate that his medical condition was objectively, sufficiently serious. *See Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834). The subjective component requires a plaintiff to demonstrate that each defendant acted with a sufficiently culpable state of mind, which is deliberate indifference. *Id*. This standard is satisfied by a showing that the defendant knew of and disregarded an excessive risk to inmate health. *See Greeno*, 414 F.3d at 653.

Count 1 satisfies both components of this claim against Dr. Meyer. Plaintiff's persistent knee pain, which was diagnosed after eight months as requiring surgery and was treated with ibuprofen for over twelve months instead, is sufficiently serious to survive screening. Dr. Meyers's decision to treat Plaintiff's knee injury with ibuprofen despite its known ineffectiveness supports a deliberate indifference claim against the doctor at this stage. Accordingly, Count 1 survives Section 1915A review.[3]

Count 2 falls short of articulating an Eighth Amendment claim against the doctor. Plaintiff refers to a "stomach lump" that was undiagnosed and untreated. However, he offers no other information about this medical condition. He does not describe its

---

[3]    If Plaintiff seeks interim relief in connection with this claim, he may file a motion for temporary restraining order or preliminary injunction pursuant to Federal Rule of Civil Procedure 65 at any time during the pending action. If he chooses to do so, Plaintiff should set forth the exact relief he requires for his knee and the facts that support his request for relief.

estimated size, specific location, general duration, growth trends, changes, or other symptoms. His vague allegations do not describe an objectively serious medical need. Plaintiff also offers insufficient allegations about his requests for treatment, the dates of each request, the frequency of his requests, a summary of his requests, or the responses he received. This claim shall be dismissed for failure to state a claim upon which relief may be granted.

Count 3 suffers from the same problem as Count 2.  Plaintiff does not adequately describe the underlying medical diagnosis that necessitated his use of a CPAP machine. He does not indicate whether he continued to use the machine after he learned of the recall or whether the recall was for the machine in his possession. He fails to describe any symptoms he suffered or developed from use of the recalled machine containing a dirty filter. The complaint offers only vague allegations about his requests for a new machine or replacement filter. Count 3 is undeveloped and shall be dismissed without prejudice for failure to state a claim against Dr. Meyers.

Count 4 is a claim against Wexford for understaffing the prison by proving a part-time physician who was unable to timely diagnose and treat Plaintiff's knee injury or replace his CPAP machine and filter. He blames these deprivations on the corporation's policy, custom, or practice of understaffing the facility. Count 4 survives screening against Wexford regarding the knee injury but not the CPAP machine.[4]

---

[4]     Plaintiff also attributes the denial of a new CPAP machine or filter to this policy, but the Court has already dismissed the related CPAP claim in Count 3 as undeveloped.

DISPOSITION

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A. **COUNT 1** will proceed against **DR. MEYERS**, in his individual capacity, and **COUNT 4** will proceed against **WEXFORD HEALTH SOURCES, INC.**, in its official capacity. However, **COUNTS 2** and **3** against **DR. MEYERS** are **DISMISSED** without prejudice for failure to state a claim for relief.  **Because Counts 1 and 4 arise from the alleged denial of medical care, the Clerk of Court is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

With regard to Counts 1 and 4, the Clerk of Court shall prepare for **DR. MEYERS** and **WEXFORD HEALTH SOURCES, INC.**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for

sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED:  February 10, 2023.**

_____
**GILBERT C. SISON**
**United States Magistrate Judge**

**NOTICE**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.**